UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VIRGINIA KNIGHT,

        Plaintiff,

  -against-

SAINT JOSEPH'S COLLEGE,

        Defendant.
------------------------------------------------------------x

MEMORANDUM AND ORDER

13-CV-2438 (ENV) (SMG)

VITALIANO, D.J.,

  Plaintiff Virginia Knight filed this *pro se* employment discrimination action on April 17, 2013. Knight seeks to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. For the following reasons, plaintiff's request for IFP status is denied, and she is directed to pay the statutory filing fee of $350 within 14 days of the date of this Order.

### Discussion

  The purpose of 28 U.S.C. § 1915 is to insure that indigent persons have equal access to the judicial system. *Davis v. NYC Dept. of Educ.*, No. 10-CV-3812 (KAM), 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010). The question of whether a plaintiff qualifies for IFP status is within the discretion of the court. *DiGianni v. Pearson Educ.*, No. 10-CV-0206 (RJD) (LB), 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010). Under 28 U.S.C. § 1915(e)(2)(A), a court may dismiss a case brought by a plaintiff requesting IFP status if the "allegation of poverty is untrue." *See Choi v. Chemical Bank*, 939 F.Supp. 304, 308 (S.D.N.Y. 1996.). However, dismissal with prejudice is "a harsh sanction that should be resorted to only in extreme cases." *Choi*, 939 F.Supp. at 308. "A complaint should not be dismissed unless the court first finds that Plaintiff acted in bad faith and intentionally misrepresented his financial status." *Id.*

  The financial declaration form that Knight has submitted ("Decl.") does not satisfy the

Court that she is unable to pay the $350 filing fee. She states that she is employed by the New York City College of Technology and earns "about 15 tho" per year. (Decl. ¶ 2). She further asserts that her husband "takes care of the expenses and gives me what I need for my expenses," and that she owes "about 15 tho" in credit card debt. (Decl. ¶¶ 2, 8). Knight also claims that she has $3,000.00 in a checking or savings account and is a joint owner of a house. (*Id.* ¶ 4). Based on these allegations, Knight has sufficient resources to pay the $350 filing fee, and her request to proceed IFP is denied. However, because the Court finds no reason to conclude that Knight has intentionally misrepresented her finances, it declines to dismiss the action at this time.

## Conclusion

For the reasons stated above, plaintiff must pay the $350 filing fee within fourteen days from the docketing of this Order is. No summons shall issue at this time, and all further proceedings shall be stayed for fourteen days or until plaintiff complies with this Order. If plaintiff fails to pay the filing fee within the time allowed, the complaint shall be dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and that IFP status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

s/ ENV

_____
ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
      May 17, 2013